UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT E. SPIKER,

        Plaintiff,

v.                                Case No. 3:09-cv-426-J-12JRK

WARDEN HICKS,
et al.,

        Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983. On the civil rights complaint form, Section IV.B. states the following: "Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?" There are parenthetical areas to mark either yes or no. Plaintiff marked no on his complaint. At the end of the civil rights complaint form, Plaintiff signed his name

after the following statement on the form:  "I declare under penalty of perjury that the foregoing is true and correct."

The Court takes judicial notice of Plaintiff's previous filing that Plaintiff very recently filed in the United States District Court for the Southern District of Florida: 0:09-cv-60538.  The sophistication of Plaintiff's substantive arguments and his knowledge of the procedural rules convince this Court that Plaintiff understands the requirements of fully informing the Court regarding a previous filing and the facts and claims of the previous lawsuit.  If the previous filing is dismissed, Plaintiff should also inform the Court as to the specific reasons for the Court's dismissal of the case.

This Court has the authority to monitor and manage matters such as this pending before it.  This Court firmly believes that Plaintiff must conform to acceptable standards in approaching this Court.  If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice.  Here, Plaintiff has improperly responded to Question B. in Section IV.

For these reasons, it is imperative that Plaintiff comply with the instructions of the civil rights complaint form.  Therefore, this case will be dismissed for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.  If Plaintiff chooses to refile, he must

follow the dictates of this Order by notifying the Court of the above-listed previously-filed case and this case now before the Court, by complying with Section IV.C. of the civil rights complaint form and by fully and properly answering the question in Section IV.D. of the Complaint.[1] Finally, he must sign and date page ten of the Complaint form after the statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby dismissed **without prejudice.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of Court shall send a civil rights complaint form and an Affidavit of Indigency form to Plaintiff. In refiling, Plaintiff shall *either* file a fully completed Affidavit of Indigency with an attached printout of the transactions in his prison account for the six-month period preceding the filing of his complaint (if Plaintiff desires to proceed as a pauper) **or** pay the $350.00 filing fee (if Plaintiff does not desire to proceed as a pauper). Plaintiff should not place this case number on the forms.

---

[1] Section IV.D. of the civil rights complaint form states: "Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify these suits below by providing the case number, the style, and the disposition of each case." See Complaint Form at 5.

The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

    4.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 13rʜ day of May, 2009.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sc 5/13
c:
Robert E. Spiker